USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11-20-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLY ALONSO ESCOBAR-HERNANDEZ,

    Petitioner,

v.

WILLIAM P. BARR, CHAD WOLF, THOMAS DECKER, and J.P. Young,

    Respondents.

No. 20-CV-9714 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

This case has been assigned to me for all purposes.

On November 18, 2020, Petitioner Willy Alonso Escobar-Hernandez petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. According to his petition, Mr. Escobar-Hernandez is presently being detained at the Oakdale Detention Center, a federal prison in Oakdale, Louisiana. Mr. Escobar-Hernandez maintains that venue properly lies in the Southern District of New York because Respondents' New York, NY office (Varick St.) ordered his detention and is overseeing his confinement at Oakdale, and also because his removal order was issued by an immigration court located in New York, NY. The petition names as respondents both Thomas Decker, the Field Office Director of ICE in New York, and J.P. Young, the Warden of the Oakdale Detention Facility.

Although neither the Supreme Court nor the Second Circuit has determined whether the "immediate custodian rule" applies in the immigration habeas context, most, but not all, judges in this District have so ruled. *Compare S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 410 (S.D.N.Y. 2018); *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989 (S.D.N.Y. Dec. 5, 2018);

*Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523 (S.D.N.Y. Nov. 13, 2018); *Chan Lo v. Sessions*, No. 17 Civ. 6746 (GHW), 2017 WL 8786850 (S.D.N.Y. Sept. 15, 2017); *Adikov v. Mechkowski*, No. 16 Civ. 3797 (JPO), 2016 WL 3926469 (S.D.N.Y. July 18, 2016); *Bacuku v. Shanahan*, No. 16 Civ. 0305 (LGS), 2016 WL 1162330 (S.D.N.Y. Mar. 1, 2016) *with Grant v. Decker*, No. 20 CIV. 2946 (AKH), 2020 WL 3402445 (S.D.N.Y. June 19, 2020); *Arias v. Decker*, No. 20 Civ. 2802 (AT), 2020 WL 2306565 (S.D.N.Y. May 8, 2020); *Rodriguez Sanchez v. Decker*, No. 18-CV-8798 (AJN), 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019) .

This Court has on numerous occasions transferred such cases to the district in which petitioner was confined at the time he filed his petition, on the basis of the immediate custodian rule. *See, e.g. Sanchez v. Decker*, No. 19-cv-8354 (RA), 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019); *Kolev v. Sessions,* No. 17-cv-9477 (RA), 2019 WL 1748436 (S.D.N.Y. Apr. 16, 2019); *Salcedo v. Decker*, No. 18-cv-8801 (RA), 2019 WL 339642 (S.D.N.Y. Jan. 28, 2019). In each such case, this Court found that the petitioner's proper custodian was the warden of the facility outside of New York where he was detained rather than the New York field office director who exercised legal authority over hos immigration case. The Court is therefore inclined to transfer this matter to the Western District of Louisiana. It is hereby:

ORDERED that no later than November 30, 2020, Petitioner shall demonstrate why this case is distinguishable from the cases cited above, and why venue is proper in the Southern District of New York. The government may respond by December 7, 2020.

SO ORDERED.

Dated:    November 20, 2020
         New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge

2