UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/9/2020
```

WILLY ALONSO ESCOBAR-HERNANDEZ,

                    Petitioner,

v.

WILLIAM BARR, ET AL.,

                    Defendants.

No. 20-cv-9714 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      The Court is in receipt of the Government's letter asserting that this case is moot in light of Petitioner's removal from the United States, which it construes as a motion to dismiss. *See* Dkt. 17. The Court is also in receipt of Petitioner's letter asserting that the petition is not moot. *See* Dkt. 18. No later than December 16, 2020, the Government is directed to respond by letter of no greater than fifteen double-spaced pages, further substantiating its assertion that the case is moot. Petitioner may respond by letter of no greater than fifteen double-spaced pages by December 23, 2020.

      Relatedly, in light of the Government's assertion that Petitioner was removed from the United States on the same day that he filed his petition, the parties should also address whether Petitioner was "in custody" at the time the petition was filed, sufficient to confer habeas jurisdiction. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' . . . *at the time his petition is filed*.") (emphasis added); *see also Simmonds v. I.N.S.*, 326 F.3d 351, 354–356 (2d Cir. 2003).

After receiving the parties' letters, the Court will decide whether to dismiss the petition as moot. If the case survives dismissal, the Court will address at a later point any need for further briefing on the question of venue.

SO ORDERED.

Dated: December 9, 2020
New York, New York

———————————————
Ronnie Abrams
United States District Judge