USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLY ALONSO ESCOBAR-HERNANDEZ,

      Petitioner,

v.

WILLIAM BARR, ET AL.,

      Respondents.

No. 20-CV-9714 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  On November 18, 2020, Willy Alonso Escobar-Hernandez ("Petitioner") filed a petition for a writ of habeas corpus, asserting that his constitutional rights were violated in connection with his arrest and detention by the immigration authorities. *See* Dkt. 1 (Petition). That same day, Petitioner was deported to Guatemala. *See* Dkt. 17-1 at 2 (Warrant of Removal/Deportation). Before the Court is the Government's motion to dismiss the petition as moot, arguing that in light of Petitioner's removal from the United States, his challenge to his detention no longer presents a live case or controversy. *See* Dkt. 17, 24. For the following reasons, the petition is dismissed.

## BACKGROUND

  Petitioner is a citizen of Guatemala who entered the United States around 2007 on a non-immigrant temporary worker visa. Petition ¶¶ 8, 14, 15; *see also* Dkt. 25, Declaration of Deportation Officer Leonel F. Paulino ("Paulino Decl."), ¶ 4. Although his authorization to remain in the United States expired on Dec. 30, 2007, he remained in the country. Paulino Decl. ¶ 4. Petitioner was subsequently convicted under New York law of petit larceny and driving while intoxicated. *Id*. ¶ 5. In July 2009, U.S. Immigration and Customs Enforcement ("ICE")

initiated removal proceedings against Petitioner, charging him as removable for (a) having overstayed his visa; and (b) for having been convicted of a crime involving moral turpitude. *Id*. ¶ 6; Petition ¶ 16.

In May 2014, an Immigration Judge ("IJ") denied Petitioner's application for asylum and withholding of removal, but granted him voluntary departure. Petitioner appealed, and the Board of Immigration Appeals ("BIA") remanded because the IJ failed to properly instruct Petitioner regarding voluntary departure. Petition ¶¶ 18–19; *see* Dkt. 1 at 57. In December 2019, the IJ again found Petitioner to be removable, and granted his request for voluntary departure, which required departure by February 4, 2020. *Id*. ¶ 20; Paulino Decl. ¶ 9; Dkt. 1 at 59. In February 2020, Petitioner filed a motion to reopen his case, which had the effect of terminating his grant of voluntary departure and instituting an alternate removal order pursuant to 8 C.F.R. § 1240.26(c)(3)(iii) ("Upon granting voluntary departure, the immigration judge shall advise the alien that if the alien files a post-order motion to reopen or reconsider during the period allowed for voluntary departure, the grant of voluntary departure shall terminate automatically and the alternate order of removal will take effect immediately."). *See* Petition ¶ 21; Paulino Decl. ¶ 10. The IJ denied Petitioner's motion to reopen, and on April 3, 2020 Petitioner appealed the decision to the BIA. Petition ¶¶ 21-22. This appeal was still pending as of December 2020. *Id*.; Paulino Decl. ¶ 12.

On November 5, 2020, ICE arrested Petitioner and detained him, first in New York and then in Louisiana. Petition ¶ 23; Paulino Decl. ¶ 17. He was removed from the United States on November 18, 2020—the same day he filed his habeas petition. Paulino Decl. ¶ 18.[1] In his

---

[1] The record does not reflect precisely when on November 18, 2020 the petition was filed. If it was filed *after* Petitioner had been released from ICE custody—at approximately 1:00 p.m. Eastern Standard Time, *see* Dkt. 24 at 3—the petition would presumably be jurisdictionally

2

petition, Petitioner alleges that (1) his rights were violated by a warrantless arrest and unauthorized detention by immigration authorities; (2) he was denied due process in his removal proceedings; (3) that he was unlawfully detained despite not posing a risk of flight; (4) that Respondents interfered with his right to counsel during his arrest and detention.

On December 7, 2020, the Government advised the Court that Petitioner had been removed from the United States, and accordingly asserted that the petition was moot. Dkt. 17. The Court requested more fulsome briefing. Dkt. 19. The Government argues that (1) the petition is moot in light of Petitioner's removal and release from custody, since the detention he challenges is no longer in effect; and (2) to the extent that the petition challenges anything beyond his detention—e.g., his removal itself or alleged constitutional violations in his removal proceedings—the Court is without jurisdiction to entertain such challenges. *See* Dkt. 24. Petitioner maintains that the petition is not moot, in that Petitioner will face a bar on reentering the United States, and that such a bar constitutes a collateral consequence sufficient to create a live case or controversy. *See* Dkt. 26.

## DISCUSSION

The Court dismisses the petition. Petitioner's challenge to the validity or length of his detention is plainly moot in light of his removal from the United States, which ended the detention. *See Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012). Although

---

deficient. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' . . . *at the time his petition is filed*.") (emphasis added); *see also Simmonds v. I.N.S.*, 326 F.3d 351, 354–356 (2d Cir. 2003). The declaration of Deportation Officer Leonel Paulino, however, states that "[a]t the time of filing his petition, Escobar-Hernandez was . . . in Louisiana pending removal from the United States." Paulino Decl. ¶ 19. The Court accordingly finds that Petitioner satisfied § 2241(c)'s requirement that a habeas petitioner be in custody at the time of the filing of the petition.

Petitioner faces a bar on reentering the United States, that is a consequence not of the detention he challenges in his petition, but of his removal order itself. *See* 8 U.S.C. § 1182(a)(9)(A)(ii). To the extent that Petitioner challenges Respondent's conduct other than his immigration detention—i.e., his removal order or his removal proceedings—the Court is without jurisdiction to entertain such a challenge. *See Delgado v. Quarantillo*, 643 F.3d 52, 54–55 (2d Cir. 2011).

## I.    Petitioner's Challenge to His Detention is Moot

In order to satisfy the Constitution's "case-or-controversy" requirement, "a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). Mootness "must be considered at every stage of [a] habeas proceeding," *Nowakowski v. New York*, 835 F.3d 210, 217 (2d Cir. 2016), and if at any point a habeas petition "that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it . . . must be dismissed for mootness." *Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020). A habeas petition does not automatically become moot "when the order it challenges is no longer in effect, so long as the petitioner suffers some concrete and continuing injury or collateral consequence resulting from the challenged order," *id.* (internal quotation marks and citation omitted), and so long as that injury is "likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation and quotation marks omitted).

Petitioner has been removed from the United States, and accordingly the detention he challenges in his petition has ended. Absent some collateral consequence "resulting from" the alleged violations challenged in the petition, *Janakievski*, 955 F.3d at 319, any challenge to the detention is moot. *See Jackson*, 893 F. Supp. 2d at 631 (collecting cases) ("When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts

routinely dismiss the petition as moot, finding no persisting case in controversy."); *Pena v. Lynch*, 257 F. Supp. 3d 346, 347 (S.D.N.Y. 2017); *Rauf v. Shanahan*, No. 11 Civ. 7755 (JGK), 2012 WL 1864312, at *1 (S.D.N.Y. May 21, 2012); *Silent v. Holder*, No. 12-CV-1981 (CBA), 2013 WL 1386343, at *2 (E.D.N.Y. Apr. 4, 2013) (petitioner's challenge to "length and validity of his detention pending removal" was mooted by his deportation from the United States).

Despite the fact that he is no longer experiencing the detention his petition challenged, Petitioner contends that he continues to suffer a continuing injury sufficient to overcome mootness in that he may not reenter the United States. Dkt. 26 at 4; *see* Dkt. 18 at 3 (explaining that Petitioner is subject to the 10-year bar to reentry applicable to noncitizens who have been removed and which is set forth in 8 U.S.C. § 1182(a)(9)(A)(ii)). This argument fails for the simple reason that Petitioner's bar on reentering the United States is not the result of the violations he allegedly suffered in connection with his arrest and detention, but rather of the fact that he was determined to be removable and that the immigration authorities effectuated that removal. *See Maragh v. Girdich*, No. 02-CV-2965 (WHP) (GWG), 2003 WL 25872271, at *4 (S.D.N.Y. Jan. 2, 2003) (statutory inadmissibility following deportation derives "simply [from] the existence of the removal order."). Petitioner's continuing injury could defeat the mootness of his petition only if it "result[ed] from" the alleged violations he challenged in the petition, and could be redressed by a favorable order granting the relief sought in the petition. *Janakievski*, 955 F.3d at 319. In this case, even if Petitioner were to establish that his detention or aspects of it had been unlawful, it would have no bearing on the applicability of the bar on reentry. Petitioner's challenge to his detention is therefore moot. *See Jackson*, 893 F. Supp. 2d at 631 (habeas petition is moot when "any continuing injury to the petitioner stems not from his detention, which has ended, but from the final removal order").

In resisting this conclusion, Petitioner relies on *Reyes-Sanchez v. Ashcroft*, 261 F. Supp. 2d 276 (S.D.N.Y. 2003), in which Judge Stein held that a habeas petition was not mooted by the petitioner's deportation because "petitioner's permanent bar to reentering the United States is an additional concrete collateral consequence of his deportation." *Id*. at 284. This case is inapposite, however, as the petitioner there was not merely challenging his detention—he was challenging the very orders finding him removable. *Id*. at 279. Petitioner was able to do so in that case because his 2002 petition predated the REAL ID Act of 2005, which "amended the immigration laws to provide that '[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.'" *Delgado*, 643 F.3d at 54 (quoting 8 U.S.C. § 1252(a)(5)). Put another way, the REAL ID Act "strip[ped] district courts of jurisdiction to hear habeas petitions challenging final orders of deportation." *Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615–16 (2d Cir. 2007). Accordingly, to the extent the district court in *Reyes* had the authority, prior to the REAL ID Act, to reverse the IJ and BIA's decisions ordering Reyes's removal, the district court could have redressed the petitioner's injuries (including the bar on reentry) stemming from his order of removal. Here, by contrast, this Court is without jurisdiction to consider challenges to Petitioner's removal or removal proceedings.

Petitioner similarly relies on *Swaby v. Ashcroft*, 357 F. 3d 156 (2d Cir. 2004), which held that a noncitizen's deportation did not moot his challenge to his order of removal, since the bar on reentering the United States constituted a continuing collateral consequence. *Id*. at 160-161 *Swaby*, however, is also inapposite to a habeas petition filed in district court after the REAL ID Act. The Second Circuit determined that Swaby's petition was not moot because the bar on his

6

reentering the United States would be lifted if the Circuit had "grant[ed] a writ of habeas corpus and vacate[d] his order of removal." *Id*. at 160. As discussed above, however, this Court has no power to review, much less vacate, Escobar-Hernandez's order of removal. Accordingly, even if the Court were to reach the merits of the habeas petition and rule for Petitioner, it could not fashion any relief that would give him "a chance at reentering the United States." *Swaby*, 357 F.3d at 161. Petitioner's challenge to his detention is therefore moot. *See Janakievski*, 955 F.3d at 319 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298., 307 (2012) ("A case is 'moot . . . when it is impossible for a court to grant any effectual relief whatever to the prevailing party.").

**II. To the Extent Petitioner Challenges His Removal or Removal Proceedings, the Court Lacks Jurisdiction to Entertain Such Challenges**

Finally, Petitioner's briefs make inconsistent representations about the scope of the actions challenged by the habeas petition, and in particular about whether the petition is limited to challenging his detention or whether it also challenges his removal proceedings. In support of the undisputed proposition that a district court ordinarily has jurisdiction to entertain habeas challenges to a petitioner's *detention*, Petitioner asserts that "this case does not challenge removal orders or actions that are part of a removal proceeding; rather, it challenges actions taken after the removal proceeding has concluded and after removal orders have been issued and are pending execution." Dkt. 26 at 2. Further down, however, in attempting to argue that elements of the petition present a live controversy notwithstanding that Petitioner is no longer detained, Petitioner states the opposite: that "Petitioner's habeas petition does not solely challenge his detention," but "also presents constitutional challenges regarding the removal proceedings." *Id*. at 6. Indeed, the petition's "Second Claim for Relief" asserts that Petitioner was denied due process in the removal proceedings itself. *See* Petition ¶¶ 35-44.

7

As discussed above, Petitioner's challenges to his detention, including its length and validity, became moot when Petitioner was removed from the United States, because he is no longer detained and because his bar on reentry is a collateral consequence not of the detention but of the removal order itself. To the extent, however, that the petition is *not* limited to Petitioner's detention and in fact raises "constitutional challenges regarding the removal proceedings," Dkt. 26 at 6, the Court is without jurisdiction to entertain such challenges. *See* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."); *Delgado*, 643 F. 3d at 55 (Section 1252(a)(5) "clearly preclude[s] [a] district court's entertaining of a direct challenge to a removal order," and it "applies equally to preclude . . . an indirect challenge."); *Selvarajah v. U.S. Dep't of Homeland Sec.*, No. 10-CV-4580 JGK, 2010 WL 4861347, at *4 (S.D.N.Y. Nov. 30, 2010) ("[C]hallenges to actions that are part of a removal proceeding have been treated in the same manner as challenges to removal orders, for jurisdictional purposes."); *Andoh v. Barr*, No. 19 CIV. 8016 (PAE), 2019 WL 4511623, at *4 (S.D.N.Y. Sept. 18, 2019) ("Courts in this District have applied *Delgado* to preclude district court jurisdiction over petitions by aliens whose necessary effect, directly or indirectly, would be to vacate the underlying removal order."). Accordingly, to the extent Petitioner raises claims regarding alleged constitutional deficiencies in his removal proceedings, the Court is without authority to adjudicate them.

## CONCLUSION

For the foregoing reasons, the Court concludes that (1) Petitioner's challenges to his detention are moot in light of his removal from the United States, and that (2) the Court lacks jurisdiction over Petitioner's removal-related claims under 8 U.S.C. § 1252(a)(5), to the extent

8

he raises any. The petition is accordingly dismissed. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:  May 10, 2021
        New York, New York

_____
Ronnie Abrams
United States District Judge